Virgin Islands in St. Thomas. And we will now call the case which is Soraya Dias, Coffelt, John M. Congetta, and Ronald Charles, Appellants v. Caroline F. Fawkes and the Government of the Virgin Islands. And we'll first call on Mr. Simpson. Thank you, Your Honors. Andrew Simpson on behalf of Soraya Dias, Coffelt, John M. Congetta, and Ronald Charles. I would like to reserve four minutes for rebuttal. Mr. Simpson, I wanted to make sure, could you adequately hear us as we started? We can, Your Honor. One technical detail we have is there is no timer showing for us, so we don't have our normal red, yellow, and green lights. All right. You can see the three judges, can you not? Yes, I can. Okay. I'll let you know when you get close to 15 minutes. Did you want to reserve some time for rebuttal? Yes, Your Honor. Four minutes, please. Okay. I'll let you know when you get close to 11 minutes. Thank you. You may proceed. Your Honors, this case is about fundamental principles of democracy. It's the right to run for office. It's the right of someone to select a candidate of his choice. We believe we're confronted with plain, unambiguous language that allows the candidacy in question and that the Virgin Islands Code does not prohibit that candidacy, namely because Section 342A of Title 18 applies only to nomination petitions. There's no way to read that any other way unless you remove the words nomination petitions from the statute. What do you think the purpose of 342A is? As we said in our blue brief at Note 2, it appears to have been developed in response to the Carmen Golden candidacy. So do you think it's dealing with write-ins? I read your brief. I mean, more plainly, do you think it's dealing with write-ins or do you think it's dealing with something greater than write-ins? I think it was designed for the write-ins because the sore loser type candidacy where a candidate would run in the primary and then run in the independent in the direct election can't happen under Virgin Islands law because you must submit your sub-chapter one and sub-chapter two nomination documents simultaneously. So the sore loser candidacy cannot arise. In Pennsylvania, for instance, where primaries, and of course Pennsylvania is important in this case because the Virgin Islands drafted their code to replicate in large part the Virginia, the dual candidacy is prohibited in a number of different ways, but the primary is much earlier and nomination papers, I believe, can be filed sometime in August, whereas a primary would be held in April or May. Do you have a different calendar, do you not in the Virgin Islands? That is correct. And nomination papers for the sub-chapter two candidacies and nomination petitions for the sub-chapter one are all due on the same day. So the sore loser candidacy cannot occur. Now what can, there could, at least when we adopted the code back in 1963, what could conceivably have happened is someone could have filed both a nomination petition and nomination paper for the same office on that day. And we believe, of course, that's what section 410 was designed to address when it was adopted in 1988. So that means you have to elect whether you're going to use the petition process or the paper process? To seek the same office, yes. With respect to this statute, I really just wanted to kind of take through the different portions of it, if you don't mind. Sure. You agree that this deals with candidates for public office, therefore it does not cover candidates for party positions? Which statute are you talking about? 3.2a, I'm sorry. Yes. Okay. And do you agree that by referencing candidates for public office and not using words like candidates for public office in a primary, it deals with both primary and general elections? Yes, Your Honor. Okay. Because I'm trying to narrow down where the disagreement might be between you and Gravesberry, so I'd ask Gravesberry to kind of listen to this because I expect to do the same thing if I have the opportunity. And with respect to the words political designation, that is referring to a member of someone who is registered with a political party as opposed to someone who has not registered with a political party, right? So it doesn't apply to independents or those associated with political bodies. Is that right? I think that's correct. It's unusual language because throughout the code, they normally talk about registration and enrollment in the party, but I think that's a fair reading of the statute. Okay. I want to skip another part I'd like to talk to you about, but I want to go to the clause that begins whether. Do you see the part that says whether? Yes. Whether the political party designation indicates an affiliation with a political party as well or otherwise. Can you tell me what you understand that clause to mean? Frankly, it doesn't make sense. I've struggled with it trying to figure out what it's supposed to mean and cannot make sense out of it, Your Honor. Okay. What do we do? What do you recommend the three of us do with that? Your Honor, I think you stop at nomination petition. I'm sorry, counsel. Go ahead. I said I think you don't need to reach that question because you stopped with nomination petition. This is not a nomination petition situation, and therefore, we don't need to resolve that issue for the purposes of resolving this case. Mr. Simpson, in the election code, although there were separate requirements for nomination I don't see any definition of either term. I think I would disagree with that. I agree there's not an express section, for example, in the definitions that defines what it is, but with respect to the requirements for one, they define it in terms of what's required. Okay. But you would agree with me that at least as under the definition section of the code, nomination papers and nomination petitions are not separately defined? Yes, Your Honor. I'd like to just go back to the portion of the statute for the weather language where it says at the time of the filing of the nomination petition, do you read that to be as of the date the particular candidate files his or her petition? Do you read it as the deadline by which nomination petitions would be due for something different? Is it giving us a snapshot? I'm sorry, were you done, Your Honor? Go ahead. I'm sorry, counsel. Go ahead. Okay. I read that as being at the time that the candidate files his or her nomination petition. Okay. Then how do you recognize, so from your point of view, this statute applies to individuals who want to run for public office, who are registered with a political party, who have filed a nomination petition? Yes, Your Honor. To all advice, it applies to. I know that the title of a statute under Virgin Island law is not to be of consequence in an interpretation, but can you reconcile the words of the title of this statute with the plain language you say this statute has? The title cannot be reconciled, but as you noted, it is not a part of the code. I do think I have one understanding for whether the party designation indicates an affiliation. That may be referring to the fact that when you file the nomination petition, there is a blank to fill in for your party. So it may be referring to the possibility that a petition is submitted that does not have a party designation. Other than that, I cannot understand what that language means. But you wouldn't file a petition if there's no party, right? That's only a process. That's the avenue for people who are registered with political parties. Correct. You wouldn't file the petition, but conceivably a party, a person, a candidate could file a petition and forget to put down which party he was running for. Oh, I see. So correct like error. Right. So that may explain it. But other than that, I cannot come up with an explanation. Or is it that perhaps during the person registers with political party X, by the time they file a nomination petition, it's no longer defined as a Section 301 political party but once upon a time it was? I can't foresee that coming up because that would require a statutory change, and the process for running for primary is pretty quick. So I think that would be an unlikely scenario. Mr. Simpson, a couple questions. One, I believe in your reply brief, you made reference to the fact that there was no means by which a person could register as an independent under the Virgin Islands Election Code. That's correct, Your Honor. Okay. What about Soraya Caulfield, one of your clients? How is she registered? She is not registered as a member of a political party. This was actually discussed in the record, and it was not clear even from the Supervisor of Elections Council how the designation would be, whether it says no party or simply it's blank. But there is no independent, quote, independent registration, and it's not defined in the code. The word independent is not defined in Title 18. I don't know whether you have what on the election registration form, whether it be online or in paper, whether or not you have what we refer to as street lists, lists of electors. In Pennsylvania, one would have after their name R-D-N-P, which would stand for no party, or it could be I, or it could be Constitution, or it could be any other. It could be G for Green Party. Do you have such a thing in the Virgin Islands? Not that I'm familiar with. I think people believe that the no party designation is what actually is given, but I don't think the record establishes it one way or the other, and the code doesn't provide for it. It does not provide for identifying someone as no party or independent or not otherwise designated. The only place where that designation of independent appears is in the 381, where it provides that if the nomination paper does not specify a political body, then it shall be designated as independent. Mr. Simpson, your time is up. Do you have anything else that you want to add at this point? Lots. But I think our briefs adequately answer the issues that are raised. I'm primarily here to assist you in answering any questions you have. Over the statutory questions, which are before us, not the constitutional questions, the statutory questions, we have to interpret and attempt to apply the law of the territory of the Virgin Islands, do we not? I couldn't quite understand you. We have to interpret what? On the election code questions, we have to interpret and apply the law of the Virgin Islands to that, do we not? Yes, you do. Are there any cases in the Virgin Islands courts interpreting these sections? None were cited, and I can't seem to find any. There are none, Your Honor. If there was anything, there may be a case or two that actually mentions the statute, but there is nothing that sheds any light on them. All right. Judge VanAske, do you have any questions? I had one question, Mr. Simpson, and that deals with the consequence of reading the statute as he suggests it should be read would mean that someone from a political party, in this case, the chairman of the Republican Party, would be running with no party or designation or as an independent, and would the electorate think then that they are voting for somebody they would never vote for a Republican, but now they're voting for somebody they believe is independent because they skipped the ordinary process of the party having a primary and nominating somebody. So does this circumvent the primary process for somebody from a political party that may not be the favored party in a particular jurisdiction in the Virgin Islands? I think the question, does it circumvent it, well, yes, because there are two different avenues for pursuing the nomination. Does it impermissibly circumvent it, I think, is the main question there, and the answer is no because we don't bar it. It's very easy to prevent this from happening, and the legislature could have done that. And they didn't when they adopted the law from Pennsylvania, and as we showed they deliberately did not. And to try to read 342A as accomplishing that when it doesn't even mention nomination papers, I think is an improper interpretation of the law. And so, yes, it circumvents it, but not improperly so. It doesn't create ballot confusion, and to the extent that it might create your concern that someone would vote for a Republican when they would never vote for a Republican if they knew they were a Republican, I think that's an issue that can be solved by the candidacies of other candidates who want to bring that out. That's something that is easily rectified in the spirited debate that we have in our democracy. We don't need the election code to protect the voters from that type of confusion. Ballot confusion, of course, is genuine. Thank you. Thank you. Okay, Mr. Simpson, we'll hear you back on rebuttal. At this time we'll call Ms. Salisbury. Ms. Salisbury, you may proceed. Good afternoon. May it please the Court. I'm Kimberly Salisbury. I represent the supervisor of elections, Caroline Fox, and the government of the Virgin Islands in this matter. My opponent started out talking about a right to be a candidate, and I'd like to remind everyone there is no right to be on the ballot or even a right to vote. They are political privileges which the legislature may regulate to any extent not prohibited by the state or federal constitutions. The legislature's intent is clear in the Virgin Islands Code. There are two separate paths to candidacy, through either subchapter one or subchapter two, but not both, and that is very evident in section 410. You are not allowed to file both a petition and a nomination paper, and you are not allowed to be both a Republican and an independent. Let's stay with 410 a second, 410B specifically. Does 410B apply to a party office? Yes, I believe it would apply to a party office because you would have to file a nomination petition for a party office. You agree that there's a difference between a public office and a party office? I do. That's how we have the dual candidacy in this particular case because it's a party office and a public office. Normally a dual candidacy for two public offices is prohibited, Now the primary is tomorrow? At the moment, yes. We are under a tropical storm watch, so there is a potential for a decision that it gets postponed, but at the moment I just spoke with the supervisor. It has not yet been postponed. Okay. What is the consequent? Mr. Canegada is on the primary ballot for party chairman of the Republican Party? Yes, he is. Is he opposed? Yes, he is. There is one candidate. What is the consequence if he is elected, if he wins the primary race, and we determine that there's no prohibition from him running for lieutenant governor? I guess that depends on your reasoning, Your Honor. If he wins the primary And if we don't address the 410B issue? Well, again, depending on the exact procedure, there is still the defect of having filed both a nomination petition and a nomination paper. Again, depending on whether the court remanded the case back to the supervisor or whether or not if the court was to rule on both issues, 410 and Section 342A, it's hard to say. If he wins the primary and then withdraws, the statute does provide for a method of a substitute nomination. Okay. All right. Thank you. If we can stay with 410, when he was disqualified, when the superintendent disqualified him from being the lieutenant governor candidate, disqualified his petition, I'm sorry, paper, it didn't rely on 410. And your adversary made a point in his letter brief, very last paragraph, that essentially said he never had a chance to cure that. So it would, from his point of view, I guess, be improper for us to now suggest that 410 is a bar from him being on the ballot. I have a number of thoughts on that, Your Honor. First of all, it seems rather disingenuous for the candidate to claim now that he would have withdrawn his nomination petition when, in his complaint, he didn't want to change his Republican registration because then he couldn't run for Republican chair. That seems like two sides of the same coin to me. But the court could remand back to the supervisor. She could put 410B as the reason for the defect, and he could have three days to cure. If he chose to withdraw, then the only other candidate would, there would not have been a primary if that had all happened, because if there's only one candidate, that position isn't on the ballot. The supervisor deems that person to be the winner. So it is still plausible that all of that could happen. But is the 410B issue even properly before us? Are we to review the supervisor's decision as the supervisor articulated it and limit our review to that? Well, the district court discussed that issue. She decided that she didn't need to address it. It was not specifically stated by the supervisor, that's correct. But if remanding would be a useless formality, the Supreme Court has said the same result can be justified on some other basis. The court is allowed to do so. Mr. Simpson argues that 410B was a classic anti-fusion statute that precludes nomination papers and nomination petitions for the same office. Isn't that accurate? I don't believe so, Your Honor. I don't believe in adding language to a statute. Section 410B is explicit. A nomination petition, a nomination paper, but not both. There is nothing in the code explicitly that would lead you to that conclusion unless you add it in. Not both. If anything, 410 lends itself to reading the rest of the code to preventing a member of a political party from running as an independent and preventing both nomination petitions and nomination papers from the same candidate for any office or two. Do you want to move to some of the other sections like 342B and its reference to nomination petitions? 342A, correct? It is unfortunate that the title of the section is not to be included in our analysis, and I grant that the reading of the section itself is difficult. But when it's read in conjunction, as it should be, and given meaning in the entire scope of the code, then there is an obvious implication. The prohibition in Section 348 of using a political party's name or any name deceptively similar. The mandatory designation of independent. Independent has to have some meaning. The Merriam-Webster Dictionary's second definition of independent is not bound by or committed to a political party. It's a very common definition of the word. It doesn't even need to be defined in the code. The legislature did not mandate a designation of independent to allow members of political parties to run under that deceptive title. That would deceive the voters, and the state has a right and a compelling interest to avoid voter confusion and deception. Let's look at Section 381 for a second. The appellants argue that there's a material difference between Section 381 as it appears in the Virgin Islands Code and that section as it appears in the Pennsylvania Election Law. Do you have any explanation for why that difference exists? I believe that the legislature wrote the statute differently, but came to the same result. They did not use the exact language that the Pennsylvania Code uses with regard to disaffiliation, but by requiring the independent designation and by prohibiting the dual filing of nomination, petitions, and papers, they've come to the same result. It's the obvious implication. Are you saying that there is an independent designation? I think Judge Fischer was asking your adversary. Is there an independent designation one can have when they register to vote in the Virgin Islands? The appellant is correct that in the Code, I believe it's Section 100, talks about the manner of registration. And in Section C, it talks about what will be on the registration card. And specifically number 15 says the designation of the political party if he desires to vote at primaries. That's what the Code states. In other words, you would imagine that if you looked at a registration card, it would say Democrat or Republican or nothing. But in practice, I've been told for many, many years, that people do put on their registration independent or no party,  What happens if, say, hypothetically, we were to say that the superintendent was correct in the decision concerning the lieutenant governor candidate? What happens to the lieutenant governor candidate? Is he automatically out? Or hypothetically? Could you repeat that? There's definitely some noise in the background. Okay. If we were to uphold the disqualification of lieutenant governor candidates, what happens to the gubernatorial candidate? Is she out too? Yes. They are required by the revised Organic Act to run together. It's revised Organic Act Section 11. The governor and lieutenant governor shall be chosen jointly by the casting by each voter of a single vote applicable to both officers. So they are required to run together. Now, didn't you make some mention earlier that they could, if we upheld your position to strike Mr. Congatta's paper, that they could substitute another lieutenant governor candidate? Didn't you say that? I actually was referring to the Republican chair, what would happen if he wasn't running for that position. Normally there are three days to cure any defect. It's, again, plausible that depending on the reason for the defect, there could be given, again, three days to cure. All right. But instead of doing that in this case, this action was filed. Okay. So since we're on time frames, we've been operating under the belief there was something magical about August the 12th. What's the significance of August the 12th? On August 12th is what's called the casting of the lots. We have an election calendar which, if it would help you, is available on the Virgin Islands website, elections website. And so after the primary, which is supposed to be tomorrow, and all the votes are counted, there will be a casting of lots which occurs on August 12th. That is for your position on the ballot. If your name is not in that casting of lots, you will not be on the ballot. And at the moment, these two candidates' names are not going to be there. So if this case has not been decided by August the 12th, there will be a question at least, although there is not any preliminary, there's not any injunction anymore, or there's no injunction pending appeal, there will at least be a question as to whether or not these two individuals will be on the ballot. Correct? If this case is not decided by August the 12th. Right now, it's my understanding, based on the district court's decision and the fact that there is no injunction pending appeal, that they are currently not candidates. So their names would not be in that casting. All right. Is there a date when the ballots will be sent to a printer for printing? Yes. What is that date? Well, the entire calendar has been reworked this year in order to satisfy the MOVE Act and get the absentee ballots out to the military and overseas voters. They need to be mailed out by September 19th. So the idea of having the primary earlier than we have ever had it before is all to get the ballots prepared in time to be mailed out by September 19th. We are also using new machines this year and have issues getting the ballots ready for the primary. So exactly how long that's going to take, I can't say for sure. Hopefully not as long as it took for the primary, but I don't have a date for certain. I'm sure I could give you that information. September 19th is at least a mailing date for military ballots. Correct. Because they need to be mailed out 45 days before the general election in November. All right. Either Judge Schwartz or Judge Van Aschen, do you have any other questions of Ms. Selzberg? I do, Tom. Judge Van Aschen, do you want to go first? No, I don't have any, so go ahead, Judge. I'd like to ask you about the statute. I was asking your adversary the same questions, but focusing on the nomination petition language at the time of the following of the nomination petition, I have a few questions about that. You're asking us to read in words in order for it to cover someone who files a nomination paper. Correct? No. I don't believe that's necessary, Your Honor. I believe that Section 342 can be read to apply, unfortunately, but can be read to apply to candidates filing nomination petitions. But when you include that section with at least three other sections in the code, then you see the obvious implication of the legislative intent, despite the fact that they used the word nomination petition in that particular language, but also due to the discrepancy between the title of the section and the wording of the section. I really can't stress enough the fact that if the appellant's reading of the code prevails, then the primary process will be rendered meaningless, and the voter registration and declaration of party affiliation is meaningless. And so that legislative intent of having two separate paths must be given credence by looking at the entire code as a whole, as opposed to just 342A. I'd like to ask you about the last clause where it says whether the political designation, et cetera. What do you think that means? I read it several times myself, trying to make sense of that last sentence. I've looked at definitions of whether. I've personally written in if, so that it would read, if the political party designation indicates an affiliation with the political party. And I believe it all reverts back to the candidate's registration. That's my personal reading. Thank you. Thank you. Ms. Salisbury, one other question. Section, direct your attention to 381A. As to nomination papers. The nomination papers signed by qualified electors. So under 381A, any qualified elector, regardless of their party registration, would be able to sign the nomination papers, correct? Correct, which is different from the nomination petition. I understand that. I mean, doesn't that reflect an option for what would be referred to generically as maybe a wide-open candidacy or a wide-open direct access to the ballot for nomination papers? I mean, it's a bit unusual. Absolutely. Okay. For anyone who's not a party member. But nowhere in 381, this goes back to the distinction between 381 VI code and the corresponding Pennsylvania section, there's no prohibition that talks about party membership. Would you agree with that? I agree with that, except that it should also be noted that on those nomination papers, you are not allowed to put a party affiliation. In other words, you are not allowed to put Democrat or Republican on those papers, which implies that you need to be filing a nomination petition. Okay, but it's my understanding in the nomination papers that were filed in this case that they did not add, under Mr. Gangada's name, Republican Party, did they? No, that's correct. So he would automatically receive the designation of independent. So they're in compliance with 381 at least? Technically, on the papers, yes. All right, Ms. Salisbury, thank you very much. Thank you. And Mr. Simpson, on rebuttal. Thank you, Your Honors. I'd like to briefly address the fact that we have asked for an injunction. I'm not sure if that's before your panel or a motions panel, but an injunction pending appeal has been requested of this court. There is a provision in the Virgin Islands Code, Section 358 of Title 18, that provides that the third Friday following the primary, if there is a tie, the tie would be broken on that day. So that certainly suggests that the ballot does not have to be printed before the third Friday following the primary, which I think comes to August 22nd or so. But I think it's very important to recognize that at 8 p.m. tomorrow night, assuming the primary goes forward, the general election melee begins. Losing candidates and their supporters are going to start to align. They may align. We will have a Democratic nominee for lieutenant governor and governor at that point. They will be either aligning with the prevailing Democratic candidate or they will be seeking to support independent candidates who are running for lieutenant governor and governor. And if my clients are not acknowledged as viable candidates on that date by 8 o'clock tomorrow night, they stand a very good chance of losing some of that momentum that others will gain. So I would urge the court to try to rule by tomorrow, but in lieu of that, I would urge that the injunction pending appeal be entered so that at least some indication is given that they are potentially valid candidates. Mr. Simpson, just to inform both sides, all of the issues in this case, including the motion for injunction pending appeal, would be before this panel. And we received that motion and then were subsequently designated as the merits panel in this case. Question on the factual basis. Are there other independent candidates who have filed nomination papers? Yes, there are. I believe there are three other independent candidates. And are there more than one group of candidates seeking the Democratic nomination? There are several. But there is no one who has filed under the Republican Party? That is correct. In the Virgin Islands, and we also have designated the independent, I've drawn a blank, the ICM party, independent citizens movement. And neither of those two parties have a candidate on the primary or one candidate advancing by virtue of the fact that they were the only ones running. Now, as we've pointed out, that's a problem for Mr. Tanigata. He wants to run. He would be willing to run for lieutenant governor in the Republican ticket. But he doesn't have a Republican willing to run as governor candidate, and so he can't do that. This is his only opportunity to seek office. And my opposing counsel began her oral argument by talking about it's not a right to run for office or to be elected, and we agree with that. It's the right to seek nomination. It's the right to go out there and say, I'm a candidate and these are my ideas, and we can make the Virgin Islands a better place. And they're deprived of that. So I would, again, urge the court to act as quickly as possible on behalf and issue hopefully a final decision as quickly as possible. But in the meantime, if not, an injunction that would ensure that, require that the elections board and the supervisor of elections treat them as viable candidates until such time as this court rules. And that would, of course, include if it gets to the point where they're printing the ballot, that include or sample ballots, that they be included on sample ballots. Thank you, Your Honors. We thank both sides for a case that was well-proven and well-argued. Thank you for accommodating our schedules and meeting with all of us this afternoon. And we thank you for your time.